1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA QUINTANILLA, successor in interest for JOSE MANUEL QUINTANILLA, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF SANTA ANA, BRITTON SPEAKMAN, and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No.: SACV16-1400 JLS (JCx)<br><br>**PROTECTIVE ORDER** |

   IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

   1.   On February 17, 2017, Plaintiff Maria Quintanilla filed a motion to compel production of documents responsive to her Requests for Production of Documents propounded on the City of Santa Ana, including the Santa Ana Police Department Professional Standards Bureau investigative report and various items within the personnel history and file of Defendant Officer Britain Speakman. See Plaintiff's Motion to Compel (Doc. 20).  On March 21, 2017, this Court heard the

plaintiff's motion and issued a ruling, ordering the City of Santa Ana to produce certain documents requested by the plaintiff.  See 3/21/17 Minute Order (Doc. 21). The defendants maintain that this information is protected by the official information privilege, law enforcement privilege, and various other privileges.

2. The Court is informed that in or about October 2016, the office of the Orange County District Attorney ("OCDA") completed its investigation report concerning the investigation into the officer involved shooting that is at issue in these consolidated lawsuits.  The Court is further informed that this report contains numerous police reports, witness statements, reports of evidence analysis prepared by the Orange County Crime Lab, medical records of decedents Jose Manuel Quintanilla and Oscar Reyes, the criminal history index of decedents, the Santa Ana Police Department ("SAPD") reports that pertain to this incident, among other items (collectively, "OCDA Report").  The defendants and the Orange County District Attorney's Office maintain that the OCDA Report is protected by the official information privilege, law enforcement privilege, and various other privileges.

3. To balance the rights of the parties, the aforementioned documents (collectively defined as "Protected Documents") are subject to this Protective Order.

## PROTECTIVE ORDER

1. All documents produced by the City of Santa Ana that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure.  The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the document.

///

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Defendant City of Santa Ana and its employees, including, but not limited to Officer Britain Speakman;

(c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

(d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

(e) With the exception of the Court and Court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information. It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

4. To the extent any portion of the Protected Documents contains an audio recording, transcript and/or summary of a statement and/or report given to

the OCDA by an independent witness who does not fall within one of the categories described in Paragraph 3 above, that selected portion of the Protected Documents may be provided to the particular witness to which it pertains.

5. The Protected Documents may be disclosed to the Court and Court personnel, in connection with this litigation. Portions of the Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use documents from Protected Documents must both (a) apply to submit unredacted documents containing any portion of the Protected Documents under seal and (b) file public versions of the same documents with the information from the Protected Documents redacted.

6. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

7. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the Court.

8. Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Protected Documents made by such person during the course of said depositions.

9. At any future deposition(s), should there be persons in attendance who are not authorized to access the Protected Documents or information, such

1  persons shall be leave the deposition room at any time information relating to the
2  Protected Documents or protected information is disclosed or discussed.
3      10.    The Protected Documents shall be used solely in connection with the
4  preparation and trial of this action, entitled <u>Maria Quintanilla, etc. v. City of Santa
5  Ana, et al.</u>, bearing case number SACV16-1400 JLS (JCx), or any related appellate
6  proceeding, and not for any other purpose, including, without limitation, any other
7  litigation or administrative proceedings or any investigation related thereto.
8      11.    This Order may not be modified unless by written consent of the
9  parties and approval of the Court.  Any party may move for a modification of this
10 Order at any time.  Upon receipt and review of the documents produced pursuant
11 to this protective order, any party may move to remove the confidential
12 designation of any document after meeting and conferring with opposing counsel
13 and pursuant to the procedures governing discovery motions set forth in Local
14 Rule 37.
15     12.    This Order is made for the purpose of ensuring that the Protected
16 Documents will remain confidential, unless otherwise ordered by the Court or in
17 response to a successful motion by a party made pursuant to Paragraph 11.
18     13.    At the conclusion of this litigation, upon request of defense counsel,
19 plaintiff's counsel shall return the Protected Documents to Jill Williams, Esq.,
20 Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles,
21 California 90071.  Alternatively, the receiving parties and every other person
22 and/or entity who received originals or copies of the protected information may
23 destroy all such material and material derived therefrom within 30 calendar days
24 after the conclusion of this case.  Additionally, within thirty 30 calendar days after
25 the conclusion of this case, counsel for the receiving parties shall send a signed
26 declaration stating that such material has been destroyed pursuant to this Protective
27 Order.
28

-5-
PROTECTIVE ORDER

14. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

### **GOOD CAUSE**

The parties maintain that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' and the OCDA's concerns that the documents consist of police reports and private information concerning the parties to this litigation, as well as individuals who are not parties to this litigation, as protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiff's right to discovery in this litigation. The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED: March 24, 2017  _____/s/_____
Honorable Jacqueline Chooljian
United States Magistrate Judge